UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN KNIGHT, )<br>)<br>　　　　Plaintiff, )<br>)<br>v. )<br>)<br>CLIMBING MAGAZINE, et al., )<br>)<br>　　　　Defendants. )<br>_____ ) | 3:11-CV-0146−LRH−RAM<br><br>ORDER |

Before the court is defendants Climbing Magazine and SKRAM Media LLC's (collectively "defendants") brief that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332(a). Doc. #8.[1]

On March 14, 2011, the court entered an order finding that defendants had failed to establish that removal on the basis of diversity jurisdiction was proper in their petition for removal (Doc. #1) and granted defendants the opportunity to establish that the amount in controversy between the parties exceeds $75,000 as required by 28 U.S.C. § 1332(a).[2] Doc. #5.

Where, as here, it is not facially evident from the face of the complaint that the amount in

---

[1] Refers to the court's docket

[2] 28 U.S.C. § 1332(a) provides that the district courts of the United States shall have original jurisdiction over all civil actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.

controversy exceeds $75,000, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75],000." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Here, defendants contend that the amount in controversy requirement is met because plaintiff Brian Knight has stated that his damages are in excess of $100,000 and that any settlement amount "less than six figures would be insulting." *See* Doc. #8, Exhibit A. A plaintiff's statement of damages after the filing of the complaint is relevant evidence establishing the amount in controversy. *See Cohen v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Therefore, the court finds that defendants have proffered sufficient evidence establishing an amount in controversy greater than $75,000. Accordingly, the court shall accept defendants' removal of this action and exercise diversity jurisdiction over the complaint.

IT IS THEREFORE ORDERED that defendants' brief concerning removal (Doc. #8) is GRANTED.

IT IS SO ORDERED.

DATED this 3rd day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE