UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| BRIAN KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | 3:11-CV-0146-LRH-RAM |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CLIMBING MAGAZINE; et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is defendant Climbing Magazine's ("Climbing") motion to dismiss. Doc. #25.[1] Plaintiff Brian Knight ("Knight") filed an opposition (Doc. #28) to which Climbing replied (Doc. #30).

On December 23, 2010, Knight filed a complaint against defendants for libel and intentional infliction of emotional distress. Doc. #1, Exhibit A. On June 29, 2011, Knight filed an amended complaint. Doc. #24. Thereafter, Climbing filed the present motion to dismiss. Doc. #25.

In its motion, Climbing argues that it is not a separate legal entity capable of being sued. *See* Doc. #25. The court agrees. Climbing is merely a magazine publication owned by defendant SKRAM Media, LLC. It is not a separate legal entity capable of being sued in its own capacity. Rather it is an intellectual property asset of another defendant. *See* Doc. #25, Exhibit A.

---

[1] Refers to the court's docketing number.

1  Accordingly, the court shall grant Climbing's motion to dismiss.

2

3  IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #25) is

4  GRANTED. Defendant Climbing Magazine is DISMISSED as a defendant in this action.

5  IT IS SO ORDERED.

6  DATED 8th day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE