UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BRIAN KNIGHT,

    Plaintiff,

v.

CLIMBING MAGAZINE; et al.,

    Defendants.

3:11-CV-0146-LRH-RAM

ORDER

    Before the court is defendants SKRAM Media, LLC ("SKRAM") and Climbing Magazine's ("CM") renewed motion to dismiss. Doc. #56. Pro se plaintiff Brian Knight ("Knight") filed an opposition (Doc. #58) to which defendants replied (Doc. #59).

    Also before the court is Knight's motion to strike defendants' reply. Doc. #60.

**I.   Facts and Background**

    In its January 2009 edition, defendant CM published an article entitled "The Tao of Mr. Way," written by non-party Cedar Wright. Plaintiff Knight alleges that he is identified by name as the "Mr. Way" discussed in the article and that the article has subjected him to ridicule from the climbing community.

    On December 23, 2010, Knight filed a complaint against defendants for libel and intentional infliction of emotional distress. Doc. #1, Exhibit A. On June 29, 2011, Knight filed an amended complaint. Doc. #24. The court, on motion by defendant, dismissed the amended complaint but

granted Knight leave to file another amended complaint setting out specific causes of action. *See* Doc. #54.

On June 25, 2012, Knight filed a second amended complaint. Doc. #55. In his second amended complaint, Knight alleges six causes of action: (1) defamation; (2) false light; (3) public disclosure of private facts; (4) appropriation of publicity; (5) intentional infliction of emotional distress; and (6) negligent infliction of emotional distress. *Id*. Thereafter, defendants filed the present renewed motion to dismiss. Doc. #56.

**II.     Legal Standard**

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III. Discussion

#### A. Defendant Climbing Magazine

In their motion, defendants argue that defendant CM is not a separate legal entity capable of being sued. The court agrees. Defendant CM is merely a magazine publication owned by defendant SKRAM. As such, it is not a separate legal entity capable of being sued in its own capacity. Rather it is an intellectual property asset. Accordingly, the court shall dismiss CM as a defendant.

#### B. Defamation and False Light

In Nevada, when a cause of action arises in another state, that state's statute of limitations provision applies. *See* NRS 11.020. Knight's claims for defamation and false light occurred in California, where he resides. *See McGuire v. Brightman*, 79 Cal. App. 3d 776, 785 (1978) (holding that "the essence of defamation is injury to the reputation of the plaintiff in his home area where he is known"). California has a one-year statute of limitation for defamation and false light claims. *See* California Code of Civil Procedure 340(c).

Here, Knight's claims for defamation and false light claims are barred by the applicable statute of limitations. Knight did not file a complaint asserting defamation or false light claims until December 23, 2010 (Doc. #1, Exhibit 1), almost two years after the publication of the article in January 2009. Accordingly, Knight's defamation and false light claims shall be dismissed.

### C. Public Disclosure of Private Facts

To allege a claim for public disclosure of private facts a plaintiff must allege: (1) a public disclosure; (2) of a private fact; (3) which would be offensive or objectionable to a reasonable person; and (4) which is not of a legitimate public concern. *See Shulman v. Group W. Prods., Inc.*, 955 P.2d 469, 478 (Cal. 1998).

The court has reviewed Knight's second amended complaint and finds that he does not allege the disclosure or dissemination of a private fact. In his second amended complaint, Knight alleges that non-party Wright wrote about conversations he had with Knight and actions he witnessed in various restaurants. These statements and actions were made in public places where Knight did not have an expectation of privacy. Therefore, the court finds that Knight has not alleged any private facts disclosed by the defendants. Accordingly, the court shall dismiss this claim.

### D. Appropriation of Publicity

To state a claim for appropriation of a name or likeness, a plaintiff must allege: (1) the defendant used the plaintiff's name, likeness, or identity; (2) without the plaintiff's consent; (3) for the use of advertising or solicitation of commercial advantage; and (4) injury. *See White v. Samsung Electronics Am.*, 871 F.2d 1395, 1397; *Eastwood v. Superior Court*, 149 Cal. App. 3d 409, 417 (Cal. 1983). Further, it is sufficient to allege that a plaintiff's name or likeness was used to motivate a decision to purchase a particular product or service. *Lee v. Penthouse Int'l*, 1997 U.S. Dist. LEXIS 23893, *7 (CD Cal. 1997).

In his second amended complaint, Knight alleges that defendant Skram used his name and likeness in the article without his permission. Knight further alleges that, because he is a well known fixture in the climbing community, the appearance of this name in the magazine article increased the magazine's circulation and popularity which ultimately led to increased advertising revenue. The court finds that these allegations are sufficient to allege a claim for appropriation of

4

publicity.[1]

### E. Infliction of Emotional Distress

To establish a claim for either intentional or negligent infliction of emotional distress, a plaintiff must show both (1) extreme or outrageous conduct by defendant; and (2) severe emotional distress. *Dillard Dept. Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999). Extreme and outrageous conduct is that which is "outside all possible bounds of decency" and is intolerable in civil life. *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 25 (Nev. 1998).

In his second amended complaint, Knight alleges that the published article presented him in a bad light and that he has received ridicule from the climbing community as a result. The court finds that these allegations are insufficient to state a claim for intentional and negligent infliction of emotional distress. First, there are no allegations that defendants acted in a manner that was outside all possible bounds of decency in publishing an article concerning Knight's activities carried out in a public space including a public restaurant, nor does the court find that the publishing of such an article is extreme or outrageous conduct that cannot be condoned in civil life. Second, Knight has failed to allege any actual emotional distress or physical harm that resulted from the article. Therefore, the court finds that Knight has failed to allege a claim for either intentional or negligent emotional distress. Accordingly, the court shall dismiss these claims.

///
///
///
///

---

[1] The court notes that Knight's claim for appropriation of publicity may be subject to several affirmative defenses including the defense of newsworthiness as Knight alleges to be a well known personality in the climbing community. However, as defendant Skram has not raised any affirmative defenses at this point in the litigation, the court makes no findings or conclusions regarding any defense's merits or applicability to this claim.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #56) is GRANTED in-part and DENIED in-part. Plaintiff's first cause of action for defamation; second cause of action for false light; third cause of action for public disclosure of private facts; fifth cause of action for intentional infliction of emotional distress; and sixth cause of action for negligent infliction of emotional distress are DISMISSED from plaintiff's second amended complaint (Doc. #55). Plaintiff's fourth cause of action for appropriation of publicity is NOT DISMISSED.

IT IS FURTHER ORDERED that plaintiff's motion to strike (Doc. #60) is DENIED.

IT IS SO ORDERED.

DATED 18th day of December, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE