UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BRIAN KNIGHT,

    Plaintiff,

v.

CLIMBING MAGAZINE; et al.,

    Defendants.

3:11-CV-0146-LRH-RAM

ORDER

Before the court is defendant SKRAM Media, LLC's ("SKRAM") motion for judgment on the pleadings. Doc. #64. Pro se plaintiff Brian Knight ("Knight") did not file an opposition.

**I.   Facts and Background**

In its January 2009 edition, dismissed defendant Climbing Magazine published an article entitled "The Tao of Mr. Way," written by non-party Cedar Wright. Plaintiff Knight alleges that he is identified by name as the "Mr. Way" discussed in the article and that the article has subjected him to ridicule from the climbing community.

On December 23, 2010, Knight filed a complaint against defendants for libel and intentional infliction of emotional distress. Doc. #1, Exhibit A. On June 29, 2011, Knight filed an amended complaint. Doc. #24. The court, on motion by defendant, dismissed the amended complaint but granted Knight leave to file another amended complaint setting out specific causes of action. *See* Doc. #54.

On June 25, 2012, Knight filed a second amended complaint. Doc. #55. In his second amended complaint, Knight alleged six causes of action: (1) defamation; (2) false light; (3) public disclosure of private facts; (4) appropriation of publicity; (5) intentional infliction of emotional distress; and (6) negligent infliction of emotional distress. *Id*. In response, defendants filed a renewed motion to dismiss the amended complaint. Doc. #56. Ultimately, the court granted in-part and denied in-part defendants' motion. Doc. #62. In particular, the court dismissed Knight's claims for defamation; false light; public disclosure of private facts; intentional infliction of emotional distress; and negligent infliction of emotional distress. *Id*. However, the court did not dismiss Knight's claim for appropriation of publicity. *Id*. Thereafter, defendant SKRAM filed the present motion for judgment on the pleadings on Knight's remaining cause of action. Doc. #64.

**II.     Legal Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). In ruling on a motion for judgment on the pleadings, the court accepts as true all well-pleaded factual allegations by the nonmoving party and construes the facts in the light most favorable to that party. *Id.* Thus, when brought by a defendant, the same legal standard applies to a post-answer Rule 12(c) motion for judgment on the pleadings as applies to a pre-answer Rule 12(b)(6) motion to dismiss for failure to state claim upon which relief can be granted. *See Johnson v. Rowley*, 569 F.3d 40, 43-44 (2d Cir. 2009); *see also* Fed. R. Civ. P. 12(h)(2)(B) (providing the defense of failure to state a claim may be raised by a motion under Rule 12(c)); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (holding that a post-answer Rule 12(b)(6) motion should be treated as a Rule 12(c) motion).

To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela*

1 *Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (alteration in original) (internal quotation marks omitted). The court discounts these allegations because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

///

### III. Discussion

To state a claim for appropriation of a name or likeness, a plaintiff must allege: (1) the defendant used the plaintiff's name, likeness, or identity; (2) without the plaintiff's consent; (3) for the use of advertising or solicitation of commercial advantage; and (4) injury. *See White v. Samsung Electronics Am.*, 871 F.2d 1395, 1397; *Eastwood v. Superior Court*, 149 Cal. App. 3d 409, 417 (Cal. 1983). Further, it is sufficient to allege that a plaintiff's name or likeness was used to motivate a decision to purchase a particular product or service. *Lee v. Penthouse Int'l*, 1997 U.S. Dist. LEXIS 23893, *7 (CD Cal. 1997).

However, under the affirmative defense of newsworthiness, "[p]ublication of matters in the public interest, which rests on the right of the public to know, and the freedom of the press to tell it" are not ordinarily actionable. *Eastwood*, 149 Cal. App. at 421. The scope of this affirmative defense is extremely broad and "extends to almost all reporting of recent events even though it involves the publication of a purely private person's name or likeness." *Id.* at 422; *see also*, *Lee*, 1997 U.S. Dist. LEXIS 23893, *12.

In its motion, defendant SKRAM argues that the underlying article is not actionable as it is a newsworthy article based on Knight's reputation within the climbing community and the interesting nature of events described in the article. *See* Doc. #64. The court agrees.

In his second amended complaint, Knight alleges that he is a well known fixture with standing in the climbing community. *See e.g.*, Doc. #55, p.5, l:15 (noting his "standing in the community of climbers"); p.7, l:14 (noting his "reputation as a climber"); p.12, l:3-4 (noting Knight's "reputation and good standing" in the climbing community). Thus, although Knight may not enjoy the attention given to him in the article, there is a legitimate public interest within the climbing community in Knight's statements and actions. This public interest is recognized especially in light of the fact that all of the described statements and actions occurred in public places near Yosemite - a recognized climbing area - where he did not have any expectation of privacy.

4

Further, the incidents described in the article are, themselves, newsworthy events. For instance, the article describes an incident in which Knight attempted to claim a difficult route without rappels and only with a single rope, an event which eventually necessitated a full emergency rescue by Yosemite Search and Rescue ("YOSAR"). Similar stories involving rescues have been held to be non-actionable. *See Shulman v. Group W. Prods., Inc.*, 18 Cal. 4th 200, 228 (Cal. 1998) (holding that an automobile accident and ensuing rescue were non-actionable newsworthy events). Therefore, the court finds that the underlying article is newsworthy. Accordingly, the court shall grant SKRAM's motion and dismiss Knight's remaining claim for appropriation of publicity.

IT IS THEREFORE ORDERED that defendant's motion for judgment on the pleadings (Doc. #64) is GRANTED. Plaintiff's fourth cause of action for appropriation of publicity is DISMISSED.

IT IS FURTHER ORDERED that this action, 3:11-cv-0146-LRH-WGC, is DISMISSED in its entirety.

IT IS FURTHER ORDERED defendant's motion to dismiss (Doc. #73) is DENIED as moot.

IT IS SO ORDERED.

DATED 6th day of June, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE